**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD STEVEN JOHNSON, Jr.,

Petitioner-Appellant,

v.

NEIL MCDOWELL, Warden,

Respondent-Appellee.

No.    17-15761

D.C. No. 2:16-cv-00745-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Richard Johnson appeals the district court's denial of his petition for writ of

habeas corpus.  The district court's denial of a habeas petition is reviewed de novo.

*See Campbell v. Rice*, 408 F.3d 1166, 1169 (9th Cir. 2005) (en banc).  We have

jurisdiction under 28 U.S.C. § 2253 and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because Johnson filed his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail in federal court only if he can show the "last reasoned" state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Vasquez v. Kirkland*, 572 F.3d 1029, 1035 (9th Cir. 2009). If "fairminded jurists could disagree" about whether the state court correctly applied Supreme Court precedent, this court cannot grant relief under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

The California Supreme Court denied Johnson's petition for review, so the "last reasoned" decision in this case was from the California Court of Appeal on January 27, 2015. On direct appeal, Johnson argued that the manner in which the minor victim of his alleged sexual assault, A.S., testified against him at trial violated the Confrontation Clause. After giving most of her testimony on direct examination verbally, A.S. gave the remainder of her testimony, on cross and redirect examination, by listening to counsel's questions, writing her responses on a pad of paper, and then handing the pad to the trial judge, who read the answers aloud in what the judge described as an "emotionless" manner. The California

2

Court of Appeal held that there was no Confrontation Clause violation either by A.S. turning her back on defense counsel while writing her responses or by A.S. responding to questions in writing.

Johnson argues that the California Court of Appeal unreasonably applied *Coy v. Iowa*, 487 U.S. 1012 (1988), and *Maryland v. Craig*, 497 U.S. 836 (1990). We disagree. The procedure used here, while unusual, presents different constitutional questions than the procedures addressed in *Coy* and *Craig*. Those cases were concerned with when and how a traumatized child witness can testify *outside* the presence or view of the defendant—from behind a screen and on one-way closed-circuit television, respectively. Here, A.S. was at all times visible to the defendant, defense counsel, and the jury. We do not express a view on the constitutionality of the procedure employed to obtain A.S.'s testimony. However, we hold that it was not unreasonable, within the meaning of § 2254(d)(1), for the California Court of Appeal to hold that the procedure satisfied the Confrontation Clause, as interpreted by the United States Supreme Court.

**AFFIRMED.**